1    UNITED STATES DISTRICT COURT
2    DISTRICT OF PUERTO RICO

3    HECTOR M. RIVERA-VALENTÍN,

4        Petitioner,

    Civil No. 10-1413 (JAF)

5        v.

6    EL PUEBLO DE PUERTO RICO,

7        Respondent.

8    **O R D E R**

9        Petitioner, Héctor M. Rivera-Valentín, brings this pro-se petition under 28 U.S.C. § 2254

10   for relief from sentencing by a Commonwealth court, alleging that the sentence was imposed

11   in violation of his constitutional rights to effective assistance of counsel and due process.

12   (Docket Nos. 1; 10.)  Respondent opposes, alleging that Petitioner has not exhausted remedies

13   available in the Commonwealth courts.  (Docket No. 9.) Petitioner responds.  (Docket No. 11.)

14       A prisoner under sentence of a Commonwealth court must exhaust remedies available

15   under Commonwealth law before petitioning the federal court for a writ of habeas corpus.  <u>See</u>

16   28 U.S.C. § 2254(b)(1)(A).  A petitioner has not exhausted available remedies "unless and until

17   the substance of those claims has been fairly presented to the [Commonwealth's] highest court."

18   <u>Barresi v. Maloney</u>, 296 F.3d 48, 51 (1st Cir. 2002).  Section 2254 provides two exceptions to

19   this rule in cases where "there is an absence of available [Commonwealth] corrective process;

20   or circumstances exist that render such processes ineffective to protect the rights of the

21   applicant."  § 2254(b)(1)(B)(i)–(ii).  The petitioner bears the burden of showing that "he

Civil No. 10-1413 (JAF)                                                                          -2-

1    tendered his federal claim [to the Commonwealth's highest court] in such a way as to make it

2    probable that a reasonable jurist would have been alerted to the existence of the federal

3    question." See Barresi, 296 F.3d at 51(quoting Casella v. Clemons, 207 F.3d 18, 20 (1st Cir.

4    2000)) (internal quotation marks omitted).   This duty to exhaust state court remedies

5    encompasses collateral review.   See § 2254(c) (stating that a claim has not been exhausted

6    where petitioner "has the right under the law of the [Commonwealth] to raise, by any available

7    procedure, the question presented.")

8        Puerto Rico's Department of Justice asserts that Petitioner has neither directly appealed

9    his sentence nor exhausted collateral relief.  (Docket No. 9 at 6–8.)  Petitioner does not refute

10   this argument, stating only that his trial attorney refused to take his appeal and that another

11   attorney he recently consulted stated "that there is nothing that can be done."  (Docket No. 13.)

12   Under Puerto Rico law, a prisoner seeking a writ of habeas corpus must first file a motion in the

13   trial court under Rule of Criminal Procedure 192.1, 34 L.P.R.A. App. II, R. 192.1 (2004). See

14   34 L.P.R.A. § 1741.   Petitioner states, "I have sent five 5 five [sic]  motions asking the

15   honorable court for a reconsideration of my sentence."  (Docket No. 10 at 4.)  This does not

16   satisfy Petitioner's burden of proving that he brought his claim before the Puerto Rico Supreme

17   Court.  The denial of these five motions, presumably Rule 192.1 motions, could be appealed,

18   or Petitioner could apply directly for a writ of habeas corpus.  As it stands, Petitioner has not

19   yet exhausted available remedies.

20       Finally, we note that Petitioner has not argued the existence of the circumstances

21   enumerated in § 2255(b)(1)(B), that could excuse his failure to exhaust.

Civil No. 10-1413 (JAF)                                                                                          -3-

1       In accordance with Rule 11 of the Rules Governing § 2254 Proceedings, whenever we

2   issue a final order adverse to the applicant we must concurrently determine whether to issue a

3   certificate of appealability ("COA").  We grant a COA only upon "a substantial showing of the

4   denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To make this showing, "[t]he

5   petitioner must demonstrate that reasonable jurists would find the district court's assessment of

6   the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003)

7   (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  We see no way in which a reasonable

8   jurist could find our assessment of Petitioner's constitutional claims debatable or wrong.

9   Petitioner may request a COA directly from the First Circuit, pursuant to Rule of Appellate

10  Procedure 22.

11      For the foregoing reasons, we hereby **DENY** Petitioner's § 2254 motion (Docket Nos. 1;

12  3.)  Pursuant to Rule 4 of the Rules Governing § 2254 Proceedings, summary dismissal is in

13  order, because it plainly appears from the record that Petitioner is not entitled to § 2254 relief

14  in this court.

15      **IT IS SO ORDERED**.

16      San Juan, Puerto Rico, this 4th day of October, 2010.

17                                              s/José Antonio Fusté
18                                              JOSE ANTONIO FUSTE
19                                              Chief U.S. District Judge